UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X    07 cv 07743 (BSJ) (RLE)
PERRY HOOI,

        Plaintiff,   **COMPLAINT**

  -against-

NEW YORK CITY,
POLICE OFFICER CARULLO SHIELD # 23212,
POLICE OFFICER MATTHEW EMLICH,
POLICE OFFICER JOSEPH HAYES,
POLICE OFFICER NICHOLAS OTAROLA SHIELD # 27407
and UNIDENTIFIED POLICE OFFICERS
ALL OF THE 113TH PRECINCT.

                **JURY TRIAL DEMANDED**

        Defendant(s).
------------------------------------------------------------X

  The plaintiff, complaining of the defendants, by his attorney, FRED LICHTMACHER, ESQ., respectfully shows to this Court and alleges:

## JURISDICTION

1  Jurisdiction is founded upon the existence of a Federal Question.

2  This is an action to redress the deprivation under color of statute, ordinance, regulation, custom, or usage of rights, privileges, and immunities secured to the plaintiff by the Fourth and Fourteenth Amendments to the Constitution of the United States pursuant to 42 U.S.C. § 1983 as well as pursuant to the common law of the State of New York.

3  Jurisdiction is founded upon 28 U.S.C. Sections 1331, 1343(3 & 4).

4  Venue is appropriate pursuant to 28 U.S.C. Sections 1391 (b) (1 & 2).

5  That this Court has jurisdiction to hear plaintiff's state claims pursuant to 28 U.S.C. Section 1367.

## PARTIES

6       That the plaintiff, PERRY HOOI, is a resident of Queens County in the City and State of New York.

7       Upon information and belief, that at all times hereinafter mentioned, the defendant, CITY OF NEW YORK, (NYC) was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York, and that at all times relevant the defendants New York City Police Officers were acting for, upon, and in furtherance of the business of their employer and within the scope of their employment.

8       Upon information and belief, that at all times hereinafter mentioned, defendants POLICE OFFICER CARULLO SHIELD # 23212, POLICE OFFICER MATTHEW EMLICH, POLICE OFFICER JOSEPH HAYES, POLICE OFFICER NICHOLAS OTAROLA SHIELD # 27407 and UNIDENTIFIED POLICE OFFICERS all of the 113th PRECINCT were employed by the defendant, NYC, as members of its police department.

9       Upon information and belief, that at all times hereinafter mentioned, the defendant, NYC, its agents, servants and employees operated, maintained and controlled the NEW YORK CITY POLICE DEPARTMENT (NYPD), including all the police officers thereof.

10      The NYPD, is a local governmental agency, duly formed and operating under and by virtue of the Laws and Constitution of the State of New York and the commissioner of the NYPD is responsible for the policies, practices and customs of the NYPD as well as the hiring, screening, training, supervising, controlling and disciplining of its police officers and civilian employees and is the final decision maker for that agency.

11      This action arises under the United States Constitution, particularly under provisions of the Fourth and Fourteenth Amendments of the Constitution of the United States, and under federal law,

particularly the Civil Rights Act, Title 42 of the United States Code, Section 1983 as well as pursuant to the common law of the State of New York.

12     Each and all of the acts of the defendants alleged herein were done by the defendants, acting as state actors acting under the color of law.

## STATEMENT OF FACTS

13     On April 7, 2006, at approximately 11:15 pm the plaintiff was in his yard at 115-12 167th Street, Jamaica New York when the defendants came onto his block via RMP and ordered him to come to them.

14     Plaintiff questioned the defendants as to why and in response defendant Carullo illegally entered his yard, pulled him by the jacket, breaking the zipper and Carullo fell backwards as the jacket ripped in his hand.

15     Another of the defendants illegally entered plaintiff's yard and illegally seized him.

16     Defendant Carullo got off of the floor and while plaintiff was being held by another defendant Carullo took out his asp and struck the plaintiff twice, once in the face and next over his head with the asp as the other defendant held plaintiff's arms.

17     Plaintiff was forcibly brought to the ground where he was beaten by the defendants, including by Carullo who punched him, in spite of plaintiff not striking or attempting to strike the defendants in any way.

18     Plaintiff incurred serious physical injuries and was bleeding profusely and one of the many witnesses on the scene called an ambulance.

19     When the ambulance arrived Carullo put himself and not the plaintiff into the ambulance.

20     Carullo did in fact incur a substantial injury to his hand which he had used to punch

plaintiff unnecessarily as he was being held and beaten by the other defendants.

21   Plaintiff was not taken to the hospital until after he was brought back to the 113th precinct.

22   Plaintiff was in great pain and was denied necessary medical care for approximately 30 minutes, despite his bleeding, being in overt and obvious pain and having been dazed by the gratuitous beating.

23   Plaintiff was finally brought to Jamaica Hospital where he received staples and sutures to his head for the injuries the defendants gratuitously inflicted on him.

24   To justify his and his co defendants assault on the plaintiff, Carullo and the other defendants created false charges including Assault on a police officer, pursuant to NYPL § 120.08 a class C felony; Resisting Arrest NYPL § 205.30 an A misdemeanor and Harassment in the Second Degree NYPL 240.26.1 a violation.

25   All the defendants gave false and conflicting testimony at hearings and at trial.

26   On July 2, 2007, plaintiff was acquitted of all charges by a jury which deliberated less than 15 minutes.

## AS AND FOR A FIRST CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF
## VIOLATION OF THE PLAINTIFF'S RIGHTS PURSUANT TO
## 42 U.S.C. § 1983 AND THE FOURTH AMENDMENT VIA
## THE USE OF EXCESSIVE AND UNREASONABLE FORCE

27   Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

28   That the plaintiff's rights have been violated under the Fourth Amendment of the United States Constitution made applicable to the states via the Fourteenth Amendment pursuant to 42 U.S.C. § 1983, in that plaintiff was unlawfully subjected to excessive and unreasonable force, by

the defendants who assaulted plaintiff.

29   That the excessive force that the plaintiff was subjected to was effected by defendants without authority of law and without any reasonable necessity to use any force much less the excessive force that they employed and the force employed was used without legal justification, without plaintiff's consent, with malice and with an intent to inflict pain and suffering.

30   As a direct result of defendants' actions, plaintiff was deprived of rights, privileges and immunities under the Fourth Amendment of the United States Constitution being more particularly plaintiff's right to be free from the use of excessive and unreasonable force.

31   That by reason of the unlawful use of excessive and unreasonable force, the plaintiff was harmed physically, requiring plaintiff to receive medical treatment, including but not limited to, treatment in a hospital, sutures and staples to his head and that plaintiff was scarred, he lost bodily functions, plaintiff was subjected to physical pain, humiliation, embarrassment, anxiety and that he was and is still subjected to various ongoing physical and emotional harms, and that the plaintiff was otherwise harmed.

32   That by reason of the aforesaid, the plaintiff has been damaged in a sum not to exceed TWO MILLION ($2,000,000.00) DOLLARS, plaintiff is entitled to an award of punitive damages, and that an award of attorney's fees is appropriate pursuant to 42 U.S.C. §1988.

### AS AND FOR AN SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF VIOLATION OF PLAINTIFF'S RIGHTS PURSUANT TO NEW YORK STATE LAW VIA MALICIOUS PROSECUTION

33   Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

34     That plaintiff's rights have been violated, pursuant to the law of the State of New York via a malicious prosecution by the defendants.

35     That the defendant NYC is vicariously liable to the plaintiffs for the individual defendant's common law torts via the principle of respondeat superior.

36     That New York CPLR § 1601 does not apply pursuant to the exception provided by CPLR § 1602(1)(b).

37     That on or about July 26, 2007, a Notice of Claim was served on the Comptroller of the City of New York.

38     That more than 30 days have passed since plaintiff's Notice of Claim has been served upon the Comptroller and no effort to adjust or settle plaintiff's claim has been made.

39     That no 50H Hearing has been noticed and conducted as to plaintiff.

40     That this cause of action is commenced within one year and ninety days of when this cause of action arose.

41     That the said malicious prosecution was initiated by the defendants, their agents, servants and employees, without any legal justification and without probable cause in that the defendants caused the commencement and continuation of criminal proceedings against the plaintiff, the proceedings terminated in favor of the plaintiff via an acquittal and in that the action was commenced and continued intentionally and with malice and deliberate indifference to plaintiff's rights.

42     That by reason of the unlawful malicious prosecution, the plaintiff was subjected to pecuniary harms, great indignities, humiliation, anxiety, he was forced to spend time in jail as well as being forced to make court appearances and to defend himself from the false charges at trial and

he was subjected to numerous other harms.

43    That by reason of the aforesaid, the plaintiff has been damaged in a sum not to exceed ONE MILLION ($1,000,000.00) DOLLARS and he is entitled to an award of punitive damages.

### AS AND FOR AN THIRD CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF
### VIOLATION OF PLAINTIFF'S RIGHTS PURSUANT TO
### 42 U.S.C. § 1983 AND THE FOURTH AND
### FOURTEENTH AMENDMENTS VIA
### MALICIOUS PROSECUTION

44    Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

45    That the plaintiff's rights have been violated under the Fourth Amendment of the United States Constitution pursuant to 42 U.S.C.§1983, in that the plaintiff was maliciously prosecuted by the defendants.

46    That the said malicious prosecution was initiated by the defendants, their agents, servants and employees, without any legal justification and without probable cause in that the defendants caused the commencement and continuation of criminal proceedings against the plaintiffs, the proceedings terminated in favor of the plaintiff by an acquittal on all charges and in that the action was commenced and continued intentionally and with malice and deliberate indifference to plaintiff's rights.

47    That by reason of the unlawful malicious prosecution, the plaintiff was subjected to pecuniary harms, great indignities, humiliation, anxiety, he was forced to spend time in jail as well as being forced to make court appearances, and he was subjected to numerous other harms.

48    That all the defendants who knew of the commencement and continuation of the malicious prosecution of the plaintiffs are liable to the plaintiff via their failure to exercise their affirmative

duty to intervene.

49    That defendants Unidentified New York City Police Officers who are supervisors within the defendant NYC's Police Department, who knew of the malicious prosecution and continued to allow and/or participate in the prosecution of the plaintiff and who either directly participated in the violation of plaintiff's rights or who after learning of the violation failed to remedy the wrong are liable to the plaintiff for the violation of his rights pursuant to the Fourth Amendment.

50    That by reason of the aforesaid, the plaintiff has been damaged in a sum not to exceed ONE MILLION ($1,000,000.00) DOLLARS he is entitled to an award of punitive damages and attorney's fees are appropriate pursuant to 42 U.S.C. § 1988.

### AS AND FOR AN FOURTH CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF
### VIOLATION OF PLAINTIFF'S RIGHT TO A FAIR TRIAL
### PURSUANT TO THE SECOND CIRCUIT COURT OF APPEALS'
### RULING IN RICCIUTI AND 42 U.S.C. § 1983

51    Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

52    That the plaintiff's rights have been violated pursuant to the Second Circuit Court of Appeals' ruling in Ricciuti in that the defendants violated plaintiff's right to a fair trial by fabricating information likely to influence a jury's decision and forwarded that information to prosecutors, and in so doing they violated plaintiff's rights in a manner that is redressable in an action for damages under 42 U.S.C. § 1983.

53    That said fabricated information was generated by the defendants, their agents, servants and employees, without any legal justification and with knowledge that the information they were

forwarding to prosecutors and testifying to at trial was untrue and that said information would be and was in fact used to prosecute the plaintiff.

54     That by reason of the defendants' fabrications, the plaintiff was subjected to pecuniary harms, great indignities, humiliation, anxiety, he was forced to spend time in jail as well as being forced to make court appearances, he was forced to stand trial on false charges and he was subjected to numerous other harms.

55     That all the defendants who knew of the fabrications are liable to the plaintiff via their failure to exercise their affirmative duty to intervene.

56     That defendants Unidentified New York City Police Officers who are supervisors within the defendant NYC's Police Department, who knew of the fabrications and continued to allow and/or participate in the prosecution of the plaintiff and who either directly participated in the violation of plaintiff's rights or who after learning of the violation failed to remedy the wrong are liable to the plaintiff for the violation of his rights.

57     That by reason of the aforesaid, the plaintiff has been damaged in a sum not to exceed ONE MILLION ($1,000,000.00) DOLLARS he is entitled to an award of punitive damages and attorney's fees are appropriate pursuant to 42 U.S.C. § 1988.

## AS AND FOR AN FIFTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF
## VIOLATION OF PLAINTIFF'S RIGHTS PURSUANT TO
## 42 U.S.C. § 1983 AND THE FOURTH AND
## FOURTEENTH AMENDMENTS VIA
## MALICIOUS ABUSE OF PROCESS

58     Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior

paragraphs with the same force and effect as is more fully and at length set forth herein.

59    That the plaintiff's rights have been violated under the Fourth Amendment of the United States Constitution pursuant to 42 U.S.C.§1983, in that the plaintiff was subjected to a malicious abuse of process by the defendants.

60    That said malicious abuse of regularly issued process was initiated by the defendants, their agents, servants and employees, without any legal justification and without probable cause in that the defendants caused regularly issued process to be generated and used against the plaintiff for the collateral purpose of distracting attention from the beating they inflicted on plaintiff.

61    That by reason of the unlawful malicious abuse of process, the plaintiff was subjected to pecuniary harms, great indignities, humiliation, anxiety, he was forced to spend time in jail as well as being forced to make court appearances, and he was subjected to numerous other harms.

62    That all the defendants who knew of the commencement and continuation of the malicious abuse of process are liable to the plaintiff via their failure to exercise their affirmative duty to intervene.

63    That defendants Unidentified New York City Police Officers who are supervisors within the NYPD, who knew of the malicious abuse of process and continued to allow and/or participate in the prosecution of the plaintiff and who either directly participated in the violation of plaintiff's rights or who after learning of the violation failed to remedy the wrong are liable to the plaintiff for the violation of his rights pursuant to the Fourth Amendment.

64    That by reason of the aforesaid, the plaintiff has been damaged in a sum not to exceed ONE

MILLION ($1,000,000.00) DOLLARS he is entitled to an award of punitive damages and

attorney's fees are appropriate pursuant to 42 U.S.C. § 1988.

**AS AND FOR A SIXTH CAUSE OF ACTION
ON BEHALF OF PLAINTIFF
VIOLATION OF PLAINTIFF'S RIGHTS PURSUANT TO
42 U.S.C. § 1983 AND THE FOURTH
AMENDMENT BY DEFENDANT NEW YORK CITY
i.e., MONELL CLAIM**

65    Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

66    That the plaintiff's rights have been violated under the Fourth Amendment to the United States Constitution as made applicable to the states via the Fourteenth Amendment by the defendant, NYC.

67    Defendant NYC and unidentified police officers who were supervisors and final decision makers, as a matter of policy and practice, have acted with a callous, reckless and deliberate indifference to plaintiff's rights under the Constitution and laws of the United States, in that they failed to adequately discipline, sanction, train, retrain, supervise or otherwise direct police officers concerning the rights of citizens, thereby causing the defendant officers in this case to engage in the above-mentioned conduct.

68    Defendants NYC as well as unidentified police officers who were supervisors and final decision makers as a matter of policy and practice, have with deliberate indifference failed to properly train, discipline, sanction and retrain police officers, despite their knowledge of the recurring problem of violations of the Constitutional rights of citizens by the use of excessive and unreasonable force and in that officers who use excessive force, routinely generate false charges

to coverup the use of excessive force and in so failing the defendant NYC has caused, encouraged, condoned and allowed the defendants in this case, to engage in the aforementioned unlawful conduct without fear of consequences for their illegal acts which did cause the plaintiff to be subjected to deprivations of his civil rights.

69     That the defendant municipality, NYC, alerted to the possible use of excessive force by its police officers, and in particular, the defendants in the instant matter, by repeated complaints of the use of excessive force, exhibited deliberate indifference thereto in that it was obvious to NYC that there was a need for more and/or improved supervision of police officers in order to protect against constitutional violations and in spite of repeated complaints of civil rights violations, there have been no meaningful attempts on the part of NYC to investigate or forestall further incidents.

70     That the defendant municipality, NYC, alerted to the problem of officers bringing false charges to coverup their use of excessive force by its police officers, and in particular, the defendants in the instant matter, by repeated complaints of the use of false arrests and malicious prosecutions, exhibited deliberate indifference thereto in that it was obvious to NYC that there was a need for more and/or improved supervision of police officers in order to protect against constitutional violations and in spite of repeated complaints of civil rights violations, there have been no meaningful attempts on the part of NYC to investigate or forestall further incidents.

71     That the NYPD maintains an Internal Affairs Bureau (IAB) which is purposefully ineffective and intended to exonerate officers who in fact have subjected people to excessive force and malicious prosecutions.

72     That NYC maintains an Civilian Review Complaint Board (CCRB) which is purposefully ineffective and intended to exonerate officers who in fact have subjected people to excessive force

and malicious prosecutions.

73     That by reason of the aforementioned, plaintiff was harmed physically, requiring to receive medical treatment, including but not limited to, sutures and staples to his head he was scarred, he was pecuniarily harmed, he lost bodily functions, plaintiff was subjected to physical pain, anxiety, scarring, and he was subjected to various ongoing physical and emotional harms, he was maliciously prosecuted, he was subjected to a malicious abuse of process, his rights were violated pursuant to Ricciuti, he was denied timely medical care and that he was otherwise harmed.

74     That by reason of the aforesaid, the plaintiff been damaged in a sum not to exceed TWO MILLION ($2,000,000.00) DOLLARS, and that an award of attorney's fees is appropriate pursuant to 42 U.S.C. § 1988.

### AS AND FOR A SEVENTH CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF
### VIOLATION OF PLAINTIFF'S RIGHTS PURSUANT TO
### 42 U.S.C. § 1983 AND THE FOURTH
### AMENDMENT BY DENIAL OF TIMELY MEDICAL CARE

75     Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

76     That the plaintiff's rights have been violated under the Fourth Amendment to the United States Constitution as made applicable to the states via the Fourteenth Amendment by the defendants who intentionally denied him timely medical care.

77     That the defendants knew plaintiff was seriously injured and bleeding but in an effort to coverup their actions in gratuitously beating plaintiff they intentionally and with deliberate indifference to his condition denied him access to timely medical care including the use of the

ambulance that was summoned to the scene where he was beaten and instead allowed defendant Carullo get in the ambulance after he injured himself punching the plaintiff.

78    That by reason of the aforementioned, plaintiff was forced to suffer for additional time, bleed for additional time and to suffer anxiety and other emotional and physical harms including seeing himself bleed due to defendants' intentionally and consciously denying him timely care.

79    That by reason of the aforesaid, the plaintiff been damaged in a sum not to exceed TWO HUNDRED THOUSAND ($200,000.00) DOLLARS, he is entitled to an award of punitive damages and that an award of attorney's fees is appropriate pursuant to 42 U.S.C. § 1988.

**WHEREFORE**, plaintiff demands judgment against the defendants in a sum not to exceed TWO MILLION ($2,000,000.00) DOLLARS and punitive damages on the First Cause of Action, in a sum not to exceed ONE MILLION ($1,000,000.00) DOLLARS and punitive damages on the Second Cause of Action, in a sum not to exceed ONE MILLION ($1,000,000.00) DOLLARS and punitive damages on the Third Cause of Action, in a sum not to exceed ONE MILLION ($1,000,000.00) DOLLARS and punitive damages on the Fourth Cause of Action, in a sum not to exceed ONE MILLION ($1,000,000.00) DOLLARS and punitive damages on the Fifth Cause of Action, and in a sum not to exceed TWO MILLION ($2,000,000.00) DOLLARS on the Sixth Cause of Action, and in a sum not to exceed TWO HUNDRED THOUSAND ($200,000.00) DOLLARS and punitive damages on the Seventh Cause of Action, and that plaintiff is entitled to an award of reasonable attorney's fees pursuant to 42 U.S.C. § 1988 on all his federal causes of actions together with costs and disbursements of this action; a trial by jury of all issues

involved in this complaint; and such other and further relief as this Court may deem just and proper under the circumstances.

Dated: August 28, 2007
      New York, New York

                                  FRED LICHTMACHER (FL-5341)
                                  Attorney for Plaintiff
                                  The Empire State Building
                                  350 5th Avenue Suite 7116
                                  New York, New York 10118
                                  (212) 922-9066

To:    Michael Cardozo
         Corporation Counsel City of New York
         100 Church Street
         New York, New York 10007