UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

PERRY HOOI,

                                Plaintiff,

-against-

NEW YORK CITY, POLICE OFFICER CARULLO
SHIELD #23212, POLICE OFFICER MATTHEW
EMLICH, POLICE OFFICER JOSEPH HAYES, POLICE
OFFICER NICOLAS OTAROLA SHIELD #27407 and
UNIDENTIFIED POLICE OFFICERS ALL OF THE
113TH PRECINCT

                                Defendants.

------------------------------------------------------------------ x

**ANSWER TO COMPLAINT**

**JURY TRIAL DEMANDED**

07 CV 7743 (BSJ)(REE)

       Defendants the City of New York, Police Officers Vincenzo Carullo, Joseph Hayes and Nicholas Otarola[1] by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, as and for their answer to the complaint, respectfully allege, upon information and belief, as follows:

       1.    Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of the court as stated therein.

       2.    Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to bring this action as stated therein.

       3.    Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of the court as stated therein.

---

[1] Matthew Emlich resigned from the New York City Police Department on December 26, 2006 and upon information and belief has not been served with the complaint in this action and accordingly is not a defendant at this time.

4. Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiff purports to base venue in this court as stated therein.

5. Deny the allegations set forth in paragraph "5" of the complaint, except admit that plaintiff purports to base supplemental jurisdiction as stated therein.

6. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "6" of the complaint.

7. Deny the allegations set forth in paragraph "7" of the complaint, except admit that the City of New York is a municipal corporation and state that the allegations concerning "in furtherance of the business of their employer and within the scope of their employment" constitute legal conclusions to which no response is required.

8. Deny the allegations set forth in paragraph "8" of the complaint, except admit that Police Officers Carullo, Hayes and Otarola are employed by the City of New York as police officers.

9. Deny the allegations set forth in paragraph "9" of the complaint, except admit that the City of New York maintains a police department.

10. Deny the allegations set forth in paragraph "10" of the complaint, except admit that the City of New York maintains a police department and respectfully refer the Court to the New York City Charter for a description of the functions of the NYPD and of the Police Commissioner.

11. Deny the allegations set forth in paragraph "11" of the complaint, except admit that plaintiff purports to bring this action as stated therein.

12. Defendants state that paragraph "12" of the complaint contains legal conclusions to which no response is required. To the extent a response is required, defendants deny the allegations.

13. Deny the allegations contained in paragraph "13" of the complaint.

14. Deny the allegations set forth in paragraph "14" of the complaint.

15. Deny the allegations set forth in paragraph "15" of the complaint except admit that Plaintiff was arrested on April 7, 2006.

16. Deny the allegations set forth in paragraph "16" of the complaint.

17. Deny the allegations set forth in paragraph "17" of the complaint.

18. Deny the allegations set forth in paragraph "18" of the complaint and deny knowledge or information sufficient to form a belief as to the truth of the allegations as to what alleged witnesses may have done.

19. Deny the allegations set forth in paragraph "19" of the complaint, except admit that Officer Carullo was taken in an ambulance to treat a serious injury sustained as a result of plaintiff assaulting Officer Carullo.

20. Deny the allegations set forth in paragraph "20" of the complaint except admit Officer Carullo was seriously injured in his hand as a result of Plaintiff assaulting Officer Carullo.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the complaint.

22. Deny the allegations set forth in paragraph "22" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth regarding pain, bleeding and a dazed condition.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the complaint.

24. Deny the allegations set forth in paragraph "24" of the complaint.

25. Deny the allegations set forth in paragraph "25" of the complaint.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the complaint.

27. In response to the allegations set forth in paragraph "27" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "26", inclusive of this answer, as if fully set forth herein.

28. Deny the allegations set forth in paragraph "28" of the complaint.

29. Deny the allegations set forth in paragraph "29" of the complaint.

30. Deny the allegations set forth in paragraph "30" of the complaint.

31. Deny the allegations set forth in paragraph "31" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth regarding medical treatment, loss of bodily functions, physical pain, humiliation, sutures and staples and anxiety and ongoing emotional distress.

32. Deny the allegations set forth in paragraph "32" of the complaint.

33. In response to the allegations set forth in paragraph "33" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "32", inclusive of this answer, as if fully set forth herein.

34. Deny the allegations set forth in paragraph "34" of the complaint.

35. Paragraph "35" of the complaint sets forth conclusions of law to which no response is required.

36. Paragraph "36" of the complaint sets forth conclusions of law to which no response is required.

37. Deny the allegations set forth in paragraph "37" of the complaint, except admit that a document purporting to be a "Notice of Claim" on behalf of Plaintiff was received by the New York City Comptroller's Office on July 27, 2007.

38. Deny the allegations set forth in paragraph "38" of the complaint, except admit that Plaintiff's claim has not been adjusted or settled.

39. In response to paragraph "39" of the complaint, defendants state upon information and belief no 50 H hearing was held in this case.

40. Paragraph "40" of the complaint sets forth conclusions of law to which no response is required.

41. Deny the allegations set forth in paragraph "41" of the complaint.

42. Deny the allegations set forth in paragraph "42" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth regarding pecuniary harms, humiliation, anxiety and ongoing emotional distress.

43. Deny the allegations set forth in paragraph "43" of the complaint.

44. In response to the allegations set forth in paragraph "44" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "43", inclusive of this answer, as if fully set forth herein.

45. Deny the allegations set forth in paragraph "45" of the complaint.

46. Deny the allegations set forth in paragraph "46" of the complaint.

47. Deny the allegations set forth in paragraph "47" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth regarding pecuniary harms, humiliation, anxiety and ongoing emotional distress.

48. Deny the allegations set forth in paragraph "48" of the complaint.

49. Deny the allegations set forth in paragraph "49" of the complaint.

50. Deny the allegations set forth in paragraph "50" of the complaint.

51. In response to the allegations set forth in paragraph "51" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "50", inclusive of this answer, as if fully set forth herein.

52. Deny the allegations set forth in paragraph "52" of the complaint.

53. Deny the allegations set forth in paragraph "53" of the complaint.

54. Deny the allegations set forth in paragraph "54" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth regarding pecuniary harms, humiliation, anxiety and ongoing emotional distress.

55. Deny the allegations set forth in paragraph "55" of the complaint.

56. Deny the allegations set forth in paragraph "56" of the complaint.

57. Deny the allegations set forth in paragraph "57" of the complaint.

58. In response to the allegations set forth in paragraph "58" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "57", inclusive of this answer, as if fully set forth herein.

59. Deny the allegations set forth in paragraph "59" of the complaint.

60. Deny the allegations set forth in paragraph "60" of the complaint.

61. Deny the allegations set forth in paragraph "61" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth regarding pecuniary harms, humiliation, anxiety and ongoing emotional distress.

62. Deny the allegations set forth in paragraph "62" of the complaint.

63. Deny the allegations set forth in paragraph "63" of the complaint.

64. Deny the allegations set forth in paragraph "64" of the complaint.

65. In response to the allegations set forth in paragraph "65" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "64", inclusive of this answer, as if fully set forth herein.

66. Deny the allegations set forth in paragraph "66" of the complaint.

67. Deny the allegations set forth in paragraph "67" of the complaint.

68. Deny the allegations set forth in paragraph "68" of the complaint.

69. Deny the allegations set forth in paragraph "69" of the complaint.

70. Deny the allegations set forth in paragraph "70" of the complaint.

71. Deny the allegations set forth in paragraph "71" of the complaint.

72. Deny the allegations set forth in paragraph "72" of the complaint.

73. Deny the allegations set forth in paragraph "73" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth regarding medical treatment, physical pain, emotional harm, sutures and staples and anxiety.

74. Deny the allegations set forth in paragraph "74" of the complaint.

75. In response to the allegations set forth in paragraph "75" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "74", inclusive of this answer, as if fully set forth herein.

76. Deny the allegations set forth in paragraph "76" of the complaint.

77. Deny the allegations set forth in paragraph "77 of the complaint.

78. Deny the allegations set forth in paragraph "78" of the complaint.

79. Deny the allegations set forth in paragraph "79" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

80. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

81. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

82. At all times relevant to the acts alleged in the complaint, the duties and functions of defendant City's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City of New York is entitled to governmental immunity from liability.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

83. The individually named defendants Carullo, Hayes and Otarola have not violated any clearly established constitutional or statutory right of which a reasonable person should have known and therefore are protected by qualified immunity.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

84. Plaintiff's claims are barred in whole or in part because plaintiff failed to comply with G.M.L. §§ 50(e), (h) and (i).

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

85. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct, or the culpable or negligent conduct of third parties, and was not the proximate result of any act of the defendants.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

86. There was probable cause for plaintiff's arrest, detention and prosecution.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

87. Punitive damages are not available against the defendant City of New York.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

88. Plaintiff provoked any incident.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

89. To the extent plaintiff asserts state law claims against defendants, such claims should be barred by the doctrine of immunity for judgmental errors in the exercise of governmental functions.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

90. At all times relevant to the complaint, defendants Carullo, Hayes and Otarola acted reasonably and in the proper and lawful exercise of their discretion.

**WHEREFORE,** defendants Carullo, Hayes and Otarola request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:      New York, New York
                January 24, 2008

                                    MICHAEL A. CARDOZO
                                    Corporation Counsel of the City of New York
                                    Attorney for Defendants Carullo, Hayes and Otarola
                                    100 Church Street, Room 3-146
                                    New York, New York 10007
                                    (212) 788-1894

                                    By: _____
                                        David M. Pollack (DP3873)
                                        Assistant Corporation Counsel

To:     Fred Lichtmacher, Esq. (via ECF)
          Attorney for Plaintiff
          The Empire State Building
          350 5th Avenue, Suite 7116
          New York, New York 10118